898 So.2d 129 (2005)
FLORIDA RECYCLING SERVICES, INC., Appellant,
v.
GREATER ORLANDO AUTO AUCTION, INC., etc., Appellee.
No. 5D04-1294.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
Rehearing Denied April 11, 2005.
Sidney L. Vihlen, III and Stephanie L. Brennan, of Vihlen Sills, P.A., Altamonte Springs, for Appellant.
Charles R. Stepter, Jr. and Cesery L. Bullard of Fishback, Dominick, Bennett, Stepter, Ardaman, Ahlers Bonus LLP, Orlando, for Appellee.
*130 MONACO, J.
Florida Recycling Services appeals from a final judgment in favor of the appellee, Greater Orlando Auto Auction, Inc., d/b/a Manheim's Central Florida Auto Auction ("Auto Auction"). The contract between the parties contained provisions requiring a party wishing to terminate the contract to do so by giving a notice of breach and opportunity to cure in writing, followed by a notice of termination in writing. Although Auto Auction gave Florida Recycling a written notice of termination, it failed to give a written notice of breach first. The trial court found that Auto Auction "substantially complied" with the notice of breach requirement by making phone calls to Florida Recycling. We conclude, however, that the court erred in this respect, and reverse.
The parties entered into a contract under which Florida Recycling agreed to provide Auto Auction with waste removal service for a certain sum. The initial term of the contract was to be for three years, and would automatically renew for successive three year periods unless either party gave written notice of termination to the other party at least sixty days prior to the termination of the term. The "Suspension and Termination for Cause" provision of the contract that is the crux of the dispute between the parties stated that:
If, during the term of this agreement, either party shall be in breach of any provision of this agreement, the other party may suspend or terminate its performance *131 hereunder until such breach has been corrected; provided, however, that no termination shall be effective unless and until the complaining party has given written notice of such breach to the other party and the other party has failed to cure such breach within at least ten (10) days thereafter. In the event any such breach remains uncured for a period of ten (10) days, the complaining party may terminate this agreement by giving the other party written notice of such termination; which shall become effective upon receipt of such notice.
(Emphasis added).
After a non-jury trial, the trial court found that Florida Recycling failed "to provide adequate service" to Auto Auction, and that Auto Auction made a number of phone calls, generally to Florida Recycling dispatchers, about the poor service during a period of approximately seven months. Auto Auction, however, never gave Florida Recycling a written notice of the breach as required by the contract. Eventually, Auto Auction sent a termination letter to Florida Recycling and hired a different waste removal service. Auto Auction then brought suit pursuant to a liquidated damages clause contained within the contract. The trial court rendered a final judgment in favor of Auto Auction, finding that Auto Auction "substantially complied with the ten-day notice of breach provision under the termination provision of the agreement at issue by its repeated phone calls" to Florida Recycling. Florida Recycling appeals.
The standard of appellate review with respect to the interpretation of a contract is de novo. See Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc., 721 So.2d 433, 434 (Fla. 5th DCA 1998). If the provisions of a contract are unambiguous, courts may not violate the clear meaning of the words in order to create an ambiguity, and certainly may not rewrite the contract. If possible, courts should give effect to each provision of a written instrument in order to implement the true meaning of the document. See Inter-Active Servs., 721 So.2d at 434. Here, the language chosen by the parties for their contract clearly required a written notice of breach, and a written notice of termination. The final judgment contains no factual finding indicating that Florida Recycling waived the written notice requirement, or otherwise gave up its contractual right to written notice of breach. There is, therefore, no valid reason that has been brought to our attention why the deal made by Florida Recycling and Auto Auction should not be construed and enforced as written.
In Fidelity & Deposit Company v. First State Insurance, 677 So.2d 266 (Fla.1996), the Florida Supreme Court considered a case in which an insured's mortgagee was notified by telephone that a policy on the real property securing the mortgage was cancelled, even though the policy required notification in writing. The high court, concluding that the oral notice was ineffective, held that the notice had to be in writing when the clear contractual agreement required notice of that quality; particularly in view of the impermanence of the spoken word. See Fidelity, 677 So.2d at 269 (quoting Standard Fire Ins. Co. v. United States, 407 F.2d 1295, 1300 (5th Cir.1969)).
The same considerations apply here. Accordingly, we reverse the final judgment and remand to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.